IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE R. REINER, | ) | CIVIL NO. 10-00340 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MENTAL HEALTH KOKUA INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND**

Pro se Plaintiff Wayne R. Reiner ("Plaintiff") filed the instant action on May 27, 2010 in the State of Hawai`i, District Court of the Third Circuit, Kona Division.  Plaintiff's Complaint alleges: a 42 U.S.C. § 1983 claim for violation of his rights under the Fifth, Fourteenth, and Fourth Amendments of the United States Constitution and the corresponding provisions of the Hawai`i State Constitution; violation of the Americans with Disabilities Act; gender discrimination; and various state law claims.  On June 16, 2010, Defendants Mental Heath Kokua, Patricia Keane, Greg Payton, and Lori Batino (collectively "Defendants") removed the action based on federal question jurisdiction.  [Notice of Removal of Civil Action ("Notice of Removal") at ¶ 3.]

Plaintiff filed the instant "Opposition to Motion to Remove to Federal Court" on August 30, 2010.  Plaintiff is pro

se, and pro se litigants are held to less stringent standards than those of their legal counterparts.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003).  This Court will therefore liberally construe Plaintiff's opposition as a motion to remand the instant case to state court ("Motion to Remand").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

## <u>DISCUSSION</u>

Plaintiff argues that this case should be remanded because: 1) Defendant attached an incomplete copy of the Complaint to the Notice of Removal because it failed to include a DVD that Plaintiff attached to the Complaint; [Motion to Remand at 1;] and 2) the Notice of Removal does not cite 28 U.S.C. § 1443, which relates to the removal of civil rights actions.  [<u>Id.</u> at 2.]  Plaintiff, however, filed the Motion to Remand seventy-five days after Defendants filed the Notice of Removal.

28 U.S.C. § 1447(c) states, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

If the party seeking to challenge non-jurisdictional defects to

2

the removal fails to file a timely motion for remand, "such
defects . . . are waived." <u>See</u> <u>Pressman v. Meridian Mortg. Co.</u>,
334 F. Supp. 2d 1236, 1241 (D. Hawai`i 2004) (citing <u>Vasquez v.
N. County Transit Dist.</u>, 292 F.3d 1049, 1060 n.5 (9th Cir. 2002)
("Even though some Defendants failed to join the notice of
removal in this case, no party made a timely motion to remand,
thus waiving any potential defect.")); <u>see also</u> <u>Runaj v. Wells
Fargo Bank</u>, 667 F. Supp. 2d 1199, 1203 (S.D. Cal. 2009)
(plaintiff's procedural objections to removal time-barred where
she filed her motion to remand thirty-four days after the filing
of the notice of removal); <u>Jackson v. Wal-Mart Stores, Inc.</u>, 588
F. Supp. 2d 1085, 1086 (N.D. Cal. 2008) (plaintiff waived any
objections to procedural defects in removal by failing to file
timely motion for remand).

   Plaintiff's objection that removal the was improper
because Defendants failed to include the DVD which Plaintiff
filed as an exhibit to the Complaint does not address whether the
district court has subject matter jurisdiction over this case.
Further, although Plaintiff argues that Defendants should have
cited § 1443 in the Notice of Removal, Plaintiff does not
challenge the existence of federal question jurisdiction.
[Motion to Remand at 2 ("The basic Federal issues in Plaintiff's
action are Civil Rights violations under 42USC1983 (sic).").]
This Court therefore FINDS that Plaintiff's objections to removal

are non-jurisdiction and that Plaintiff waived all non-jurisdictional objections by failing to file his Motion for Remand within thirty days after Defendants filed the Notice of Removal.  Although, as previously noted, pro se plaintiffs are held to less stringent standards than parties who are represented by counsel, Plaintiff's pro se status cannot excuse him from complying with the procedural or substantive rules of the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Remand, filed August 30, 2010, be DENIED.

The parties are advised that any objection to these Findings and Recommendation is due seventeen calendar days after being served with a copy of these Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation."  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, September 10, 2010.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WAYNE R. REINER V. MENTAL HEALTH KOKUA, INC., ET AL; CIVIL NO.
10-00340 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR REMAND**