IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WAYNE R. REINER, | ) | CV NO 10-00340 DAE LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MENTAL HEALTH KOKUA, | ) | |
| PATRICIA KEANE, GREG | ) | |
| PAYTON, LORI BATINO and | ) | |
| DOES 1–50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT
WITHOUT PREJUDICE; (2) DISMISSING WITHOUT PREJUDICE THE
COMPLAINT AS AGAINST ALL DEFENDANTS; AND (3) DENYING AS
MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On January 24, 2011, the Court heard Defendants Mental Health

Kokua, Patricia Keene[1], Greg Payton, Lori Batino, and Does 1–50's (collectively,

"Defendants") Motion to Dismiss or, in the alternative, Motion for Summary

Judgment. (Doc. # 8.) Plaintiff Wayne R. Reiner, pro se, appeared at the hearing

_____

[1] The Complaint and all headings refer to defendant as Patricia Keane.
However, the Court has been informed in the briefings that defendant's name is
actually spelled Patricia Keene. As such, the Court will refer to her as Patricia
Keene for the remainder of the instant Order.

on behalf of himself via telephone; April Luria, Esq., appeared at the hearing on behalf of Defendants. After reviewing the motion and the supporting and opposing memoranda, the Court GRANTS IN PART Defendants' Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. # 8), DISMISSES WITHOUT PREJUDICE the Complaint as against all Defendants, and DENIES AS MOOT Defendants' Motion for Summary Judgment.

## BACKGROUND

This case arises out of events occurring while Plaintiff Wayne R. Reiner ("Plaintiff") resided at one of eleven residential homes operated by Mental Health Kokua ("MHK"). MHK is a 501(c)3 non-profit corporation, providing residential housing and rehabilitation to adults with mental disabilities. (Complaint "Compl.," Doc. # 1-1 at 3); (Motion "Mot.," Doc. # 8 at 1). MHK operates eleven residential homes throughout the State of Hawaii, including MHK-Hilo, where Plaintiff began residing on December 12, 2009. (Mot. at 1.) MHK receives federal funding from the United States Department of Housing and Urban Development ("HUD"), and abides by certain regulations set forth under Section 811 of the National Affordable Housing Act, as amended by the Housing and Community Development Act of 1992. (Compl. at 2).

Plaintiff claims that his constitutional, federal, and state law rights were violated during his residence at MHK-Hilo. As a result, on May 27, 2010, Plaintiff filed a Complaint in the District Court of the Third Circuit, State of Hawaii, Kona Divison, against MHK, Patricia Keene, Greg Payton, Lori Batino and Does 1–50 (collectively, "Defendants"). (Doc. # 1-1, 1-2, 1-3.) On June 16, 2010, Defendants filed in this Court a Notice of Removal of Civil Action pursuant to 28 U.S.C. § 1441(c). (Doc. # 1.)

Count I of Plaintiff's Complaint is filed under 42 U.S.C. § 1983, alleging violations of, <u>inter alia</u>, the Fifth and Fourteenth Amendments of the U.S. Constitution. (Compl. at 2–5.) Specifically, Plaintiff claims the following: (A) violation of due process; (B) violation of equal protection; (C) violation of a right to privacy; and (D) false imprisonment. (<u>Id.</u>) Plaintiff's due process claim contends that Defendants failed to process two grievances filed by Plaintiff. (<u>Id.</u> at 3–4). Plaintiff's first grievance related to an incident where he was purportedly berated for not completing his kitchen chores properly because he had not cleaned crumbs out of the toaster, and the second grievance related to the fact that Plaintiff was allegedly denied the ability to have a pot of decaffeinated coffee on the kitchen counter. (<u>Id.</u>) Plaintiff's equal protection claim contends that he was denied equal protection of the law by having to pay a higher security deposit than other

residents, and for being denied decaffeinated coffee. (Id. at 4.) Plaintiff's right to privacy claim states that MHK-Hilo kept secret files on their residents, against their will. (Id. at 5.) Finally, Plaintiff's false imprisonment claim avers that Plaintiff was not allowed to leave the MHK-Hilo facility to attend a concert because of a cleaning regimen which stated that "staff needs to check and initial before being allowed to leave." (Id. at 5–6.)

Count II of Plaintiff's Complaint asserts a violation of the Americans with Disabilities Act ("ADA") because Plaintiff was never asked by staff of MHK-Hilo if he needed special accommodations or reprieves from chores due to his being blind in one eye and having a cataract in the other eye. (Id. at 6.) He additionally contends that he was asked to do yard work in the sun, despite taking heat sensitive medication. (Id.)

Count III of Plaintiff's Complaint contends a breach of his rental contract because he was provided curtains in his room that were "degrading and expelling fibers that irritated [his] eye that he just had surgery on . . . ." (Id. at 7.) Plaintiff further contends that another resident of MHK-Hilo was running an unlicensed tattoo parlor in his room, has a criminal record, did not obey by the rules of MHK-Hilo, and otherwise troubled Plaintiff. (Id. at 7–9.)

Count IV of Plaintiff's Complaint purports that Defendants committed fraud on HUD by asking Plaintiff to back date HUD documents. (<u>Id.</u> at 9.)

Count V of Plaintiff's Complaint claims that MHK-Hilo discriminates in its hiring practices by hiring only female employees, and that the all-female staff is easier on the female resident's chore review. (<u>Id.</u> at 9–10.)

Count VI of Plaintiff's Complaint alleges negligence on the part of MHK by failing to properly hire, train, oversee, supervise, and discipline MHK-Hilo staff. (<u>Id.</u> at 10.)

Count VII of Plaintiff's Complaint asserts that Defendants intentionally inflicted emotional distress on Plaintiff by forcing him to reside with the aforementioned resident who allegedly has a criminal record, for targeting Plaintiff in retaliation for filing two grievances, for criticizing him, for confining him to his room, for subjecting him to smoking areas of the house, and making secret notes about him. (<u>Id.</u> at 10-11.)

Finally, Count VIII of Plaintiff's Complaint claims that Defendants negligently inflicted emotional distress upon Plaintiff by way of the behavior alleged in the aforementioned Counts I–VII.

On September 7, 2010, Defendants filed the instant Motion to Dismiss or, in the alternative, Motion for Summary Judgment ("Motion"). (Mot., Doc. # 8.) On the same day, Defendants also filed a Concise Statement of Facts in support of their Motion. (Doc. # 9.) On October 21, 2010, Plaintiff filed a Memorandum in Support of Opposition to Defendants' Motion ("Opposition"). (Doc. # 26.) On the same day, Plaintiff also filed a Concise Statement of Facts in support of his Opposition. (Doc. # 27.) On November 1, 2010, Defendants filed a Reply in support of their Motion. (Doc. # 28.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff. See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief. See Twombly, 550 U.S. at 570. A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal

evidence and may not just provide a speculation of a right to relief.  Id. at 586.

When a complaint fails to adequately state a claim, such deficiency should be

"exposed at the point of minimum expenditure of time and money by the parties

and the court."  Id. at 558 (citation omitted).  If a court dismisses the complaint or

portions thereof, it must consider whether to grant leave to amend.  Lopez v.

Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be

granted "if it appears at all possible that the plaintiff can correct the defect")

(internal quotations and citations omitted).

      Rule 56 requires summary judgment to be granted when "the

pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled

to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't

of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d

1130, 1134 (9th Cir. 2000).  A main purpose of summary judgment is to dispose of

factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317,

323–24 (1986).

      Summary judgment must be granted against a party that fails to

demonstrate facts to establish what will be an essential element at trial.  See id. at

323.  A moving party without the ultimate burden of persuasion at trial—usually,

but not always, the defendant—has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987) (citing <u>Celotex Corp.</u>, 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. <u>Porter</u>, 419 F.3d at 891 (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. <u>S. Cal. Gas Co. v. City of Santa Ana</u>, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be produced. <u>T.W. Elec. Serv.</u>, 809 F.2d at 630 (quoting <u>First Nat'l Bank of Ariz. v.</u>

Cities Serv. Co., 391 U.S. 253, 290 (1968)).  "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact."  Addisu, 198 F.3d at 1134.  Further, the Ninth Circuit has "refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony."  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002) (citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 (9th Cir. 1996)).  "Conclusory allegations unsupported by factual data cannot defeat summary judgment."  Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact."  T.W. Elec. Serv., 809 F.2d at 631.  In other words, evidence and inferences must be construed in the light most favorable to the nonmoving party.  Porter, 419 F.3d at 891.  The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage.  Id.; see also Nelson v. City of Davis, 571 F.3d 924 (9th Cir. 2009) ("[C]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.") (citations omitted).  However, inferences

may be drawn from underlying facts not in dispute, as well as from disputed facts

that the judge is required to resolve in favor of the nonmoving party.  T.W. Elec.

Serv., 809 F.2d at 631.

DISCUSSION

For the reasons set forth below, the Court concludes that Plaintiff's

Section 1983 and ADA claims should be dismissed pursuant to Rule 12(b)(6).

Because the Section 1983 and ADA claims conferred subject matter jurisdiction on

this Court, the Court dismisses Plaintiff's state law claims as well.  Moreover,

because the Court grants Defendants' Motion to Dismiss as to all counts in the

Complaint, the Court denies as moot Defendants' Motion for Summary Judgment.

I.     Plaintiff's Section 1983 Claims

Defendants argue that Count I of Plaintiff's Complaint, which

includes subsections (A)–(D) alleging constitutional violations pursuant to 42

U.S.C. § 1983, should be dismissed because Plaintiff cannot establish that

Defendants were persons acting under color of state law.  (Mot. at 8–16.)

Section 1983 of Title 42 of the U.S. Code states:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage . . . subjects, or causes to be
> subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured
> by the Constitution and laws, shall be liable to the party

> injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  "Section 1983 does not create any substantive rights; rather it is

the vehicle whereby plaintiffs can challenge actions by governmental officials."

Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 978 (9th Cir. 2004) (quoting

Henderson v. City of Simi Valley, 305 F.3d 1052, 1056 (9th Cir. 2002))

(quotations omitted).  In order to state a claim under 42 U.S.C. § 1983, a plaintiff

must demonstrate: (1) a deprivation of a constitutional right, and (2) that the

deprivation was committed by a person acting under the color of state law.  West v.

Atkins, 487 U.S. 42, 48 (1988); Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir.

2007).

When determining whether a private party acted under color of law, a

court starts with the presumption that private conduct does not constitute state

action.  Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 835 (9th Cir.

1999).  Action by private entities may be state action, however, if there is

significant state involvement.  Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.

1983).  "Individuals bringing actions against private parties for infringement of

their constitutional rights . . . must show that the private parties' infringement

somehow constitutes state action." George v. Pac.-CSC Work Furlough, 91 F.3d

1227, 1229 (9th Cir. 1996). However, "[c]onstitutional standards should be invoked only 'when it can be said that the State is responsible for the specific conduct of which the plaintiff complains.'" Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) (citing Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n., 531 U.S. 288, 295 (2001) (quotations omitted)).

In the instant case, Plaintiff asserts that state action exists because MHK-Hilo receives rental subsidies from HUD for each resident of its group home, and that MHK-Hilo has agreed to limit occupancy of its home to persons with disabilities as defined by the National Affordable Housing Act. (Compl. at 1.) Plaintiff further alleges that "MHK is an agent of the U.S. Housing and Urban Development 'HUD' operating as an HUD Section 811 group home receiving [f]ederal [f]unds," and, "[a]s such, MHK is operating under color of law." (Id. at 3.)

However, nowhere in the Complaint does Plaintiff allege facts showing that Defendants have acted under the color of state law. Plaintiff bases his Section 1983 claim on the fact that MHK receives funding and guidance from HUD, and HUD is a federal government agency. A Section 1983 claim may not be brought against the United States government or its agencies, because such entities are not "persons" that can be sued under the statute, and are thus "facially exempt

from its proscriptions." <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25 (1973); see <u>Billings v. United States</u>, 57 F.3d 797, 801 (9th Cir.1995) ("§ 1983 provides no cause of action against federal agents acting under color of federal law"). Thus, Plaintiff fails to state a claim for constitutional violations under Section 1983. See <u>Stonecipher v. Bray</u>, 653 F.2d 398, 401 (9th Cir. 1981) (finding that plaintiff has no cause of action against the IRS under Section 1983 because the IRS is a federal agency and its agents do not perform under the color of state law.)

Alternatively, claims against <u>federal</u> agents acting under color of law may be brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Because Plaintiff is pro se, the Court has an obligation to construe his Complaint liberally. See <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003). Therefore, the Court construes Plaintiff's Section 1983 claim as, instead, a <u>Bivens</u> claim. See <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988) (affording pro se plaintiffs in a civil rights action the benefit of any doubt).

"In <u>Bivens</u>, the Supreme Court recognized an implied cause of action under the Fourth Amendment for injury caused 'by a federal agent acting under color of his authority . . . .'" <u>Pollard v. The Geo Group, Inc.</u>, - - - F. 3d - - -, 2010

14

WL 5028447, at *8 (9th Cir. 2010) (citing <u>Bivens</u>, 403 U.S. at 389). "It is widely

accepted that <u>Bivens</u> provides a cause of action only against an official 'acting

under color of federal law.'" <u>Pollard</u>, 2010 WL 5028447, at *8 (citing <u>Morgan v.</u>

<u>United States</u>, 323 F.3d 776, 780 (9th Cir.2003) ("Morgan's Complaint sufficiently

sets forth the elements of a Bivens claim by alleging a violation of his

constitutional rights by agents acting under the color of federal law.")).  Therefore,

the threshold question in the instant case is whether Defendants can be considered

federal agents acting under the color of federal law.

       <u>Bivens</u> actions and 42 U.S.C. § 1983 actions are two sides of the same

coin, and are thus subject to similar analyses.  See <u>Van Strum v. Lawn</u>, 940 F.2d

406, 409 (9th Cir. 1991).  "In determining whether a private individual has

engaged in federal action, we have looked to 'state action' principles developed by

the Supreme Court in suits brought under 42 U.S.C. § 1983."  <u>Pollard</u>, 2010 WL

5028447, at * 9 (citing <u>Morse v. N. Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1343

(9th Cir. 1997) ("[W]e apply similar tests to determine whether federal action

exists to support a Bivens claim or to determine whether State action will permit a

§ 1983 cause of action.")).  Thus, the Court here will apply established Section

1983 tests to identify federal action in the <u>Bivens</u> context.  See <u>Schowengerdt v.</u>

General Dynamics Corp., 823 F.2d 1328, 1339 n. 17 (9th Cir. 1987), disagreed with on other grounds.

In the Section 1983 context, the Supreme Court has established, and the Ninth Circuit has recognized, the following four tests, which if met, show that the private party was engaged in state action: (1) public function; (2) joint action; (3) governmental compulsion; and (4) governmental nexus. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003); George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1230 (9th Cir. 1996) (citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 939 (1982)). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." Kirtley, 326 F.3d at 1092.

"Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." Id. at 1093 (citation and internal quotation marks omitted). The public function test is satisfied upon a showing that the function at issue is "both traditionally and exclusively governmental." Lee v. Katz, 276 F.3d 550, 555 (9th Cir. 2002) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)).

Joint action exists where a private party is a willful participant in action by state agents. Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989).

To satisfy the joint action test, a plaintiff must show that "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." Kirtley, 326 F.3d at 1092 (quoting Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1486 (9th Cir. 1995)).

"The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." Kirtley, 326 F.3d at 1094.

Finally, the nexus test considers whether "there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." Id. at 1095 (citation and internal quotation marks omitted).

Defendants contend that Plaintiff fails to meet his burden of showing, under any of the aforementioned tests, that Defendants are government actors. (Mot. at 8–16.) As stated above, Plaintiff alleges that "MHK is an agent of the U.S. Housing and Urban Development 'HUD' operating as an HUD Section 811 group home receiving [f]ederal [f]unds," and, "[a]s such, MHK is operating under color of law." (Id. at 3.)

17

First, as to MHK-Hilo, Plaintiff's contention that MHK receives funding from HUD and abides by certain HUD regulations is insufficient to establish that MHK-Hilo is a government actor, or that the actions taken by MHK-Hilo were compelled or influenced by the federal government.  See Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) (concluding that a school which received almost all of its funding from the State, had most of its students referred to the school by the State, and had many regulations imposed on it by a State-mandated committee, could not have its termination decisions attributed fairly to the State.) Moreover, Plaintiff's statement that MHK is operating under color of law is conclusory and fails to show that MHK is a government actor under any of the aforementioned tests.  Plaintiff must do more than simply state that MHK is operating under color of law, because legal conclusions, such as those that Plaintiff asserts in the Complaint, are not entitled to the presumption of truth.  See Iqbal, 129 S. Ct. at 1949.

Second, nowhere in Plaintiff's Complaint does he aver any ties between MHK-Hilo's employees in general or the specific individual Defendants, and HUD or any other federal entity.  As such, Plaintiff entirely fails to show how the individual Defendants are federal actors.

Plaintiff additionally states that the "constitutional rights that have been involved are fundamental rights violated by those who are acting in a quasi fiduciary capacity and these violations should be subject to strict scrutiny," and that "MHK and Batino's conduct, and all of it, constitutes interference by threats, intimidation and coercion of rights secured by the constitution and laws of the United States . . . ." However, these statements are also conclusory and fail to allege sufficient facts to show that Defendants are government actors under any of the aforementioned tests. Plaintiff must do more than simply state that the entity and individuals' conduct violated Plaintiff's rights, because legal conclusions, such as those that Plaintiff asserts in the Complaint, are not entitled to the presumption of truth. See Iqbal, 129 S. Ct. at 1949. Because Plaintiff's Complaint is void of sufficient facts showing that MHK-Hilo, Keene, Payton, or Batino are federal actors, Plaintiff fails to state a claim under Bivens.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's Section 1983 claim.

II.     Plaintiff's American with Disabilities Act Claim

Count II of Plaintiff's Complaint alleges a violation of the American with Disabilities Act. (Compl. at 6.) Specifically, Plaintiff contends that he was

criticized for not doing his chore of mopping properly after two small pieces of mop strands became lodged on the foot of a couch.  (Id.)  Plaintiff asserts that he was unable to see the mop strands because he is blind in one eye and has a cataract in the other, and that his visual impairment was not reasonably accommodated by the staff at MHK.  (Id.)  He further contends that he takes a heat sensitive medication yet was asked to do yard work outside on a hot day.  (Id.)  However, upon request, Plaintiff was allowed to do the yard work later in the day.  (Id.)

These allegations make up the entirety of Plaintiff's ADA claim.  It is difficult to discern what alleged violation Plaintiff is actually claiming, particularly given that the ADA spans from 42 U.S.C. 12101 – 12213 of the United States Code, and Plaintiff fails to cite to any specific provision of the statute.  Although FRCP Rule 8 requires only that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must sufficiently put Defendants on fair notice of the claim asserted and the ground upon which it rests.  Fed. R. Civ. P. 8.  Defendants, nor the Court, are required to speculate as to which provisions Plaintiff is suing under or how Defendants violated such provisions.  Additionally, Plaintiff merely states in a

conclusory fashion that his rights under the ADA have been violated. Vague allegations containing mere labels and conclusions are insufficient to survive a motion to dismiss. See Twombly, 550 U.S. at 555.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's ADA claim.[2]

III.     State Law Claims

Plaintiff asserts a number of state law claims against Defendants including the following: breach of rental contract, fraud, gender bias, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (See Compl.) Defendants removed Plaintiff's suit to this Court on the basis of a federal question, namely Plaintiff's Section 1983 and ADA claims. Pleading state claims does not confer jurisdiction on this Court. The Court may exercise supplemental jurisdiction over the state claims only after Plaintiff has established federal jurisdiction by properly pleading his federal claim. Because the Court has granted Defendants' Motion to Dismiss as to Plaintiff's Section

---

[2]The Court further notes that Plaintiff's Opposition does not challenge or respond to Defendants' arguments regarding his ADA claim. (See Opp'n.)

1983 and ADA claims, the Court declines to reach Plaintiff's state law claims.

Accordingly, the Court DISMISSES Plaintiff's state law claims as well.

IV.     Request for Leave to Amend

Plaintiff requests leave to amend his Complaint.  (Opp'n at 12.)  The

Court recognizes that it may be possible for Plaintiff to state a claim if provided the

opportunity to amend his Complaint.[3]  Accordingly, the Complaint is DISMISSED

WITHOUT PREJUDICE as against all Defendants in this action, with leave to

amend no later than 30 days from the filing of this Order.  Should Plaintiff choose

to file a First Amended Complaint in this Court, Defendants shall have 20 days to

respond.

CONCLUSION

For the reasons stated above, the Court GRANTS IN PART

Defendants' Motion to Dismiss or, in the alternative, Motion for Summary

Judgment (Doc. # 8), DISMISSES WITHOUT PREJUDICE the Complaint as

---

[3]Plaintiff originally filed the Complaint in Hawaii State Court, which may not have put him on notice that he would be required to meet federal pleading standards.

22

against all Defendants, and DENIES AS MOOT Defendants' Motion for Summary

Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 31, 2011.



_____
David Alan Ezra
United States District Judge

Wayne R. Reiner v. Mental Health Kokua, et al., Cv. No. 10-00340 DAE-LEK; ORDER: (1)
GRANTING IN PART DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; (2)
DISMISSING WITHOUT PREJUDICE THE COMPLAINT AS AGAINST ALL
DEFENDANTS; AND (3) DENYING AS MOOT DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT